tenant of plaintiff, within three or four days prior to the fire. Will Barnhardt did not testify at the trial; he was not present.

Since the trial he has signed an affidavit in which he swears that he moved out of the buildings more than ten days prior to the fire. This is newly discovered evidence upon which appellant relies upon its motion in this Court for a new trial. This affidavit is merely in contradiction of witnesses who testified at the trial. The affidavit itself, while supported by other affidavits, is sharply contradicted by affidavits filed by appellee—among others by the affidavit of Eliza Barnhardt, mother of Will Barnhardt, who swears that she was living near the buildings which were destroyed by fire, and that her son, Will Barnhardt, and his family moved out of said buildings three or four days before the fire.

Appellant's motion is denied upon the principles stated in *Boyd v. Leatherwood*, 165 N. C., 614; *Johnson v. R. R.*, 163 N. C., 431; *Warwick v. Taylor*, 163 N. C., 68, and *Mottu v. Davis*, 153 N. C., 160.

Defendants' assignments of error based upon exceptions taken at the trial and discussed in the brief filed in this Court by its counsel have been considered. They cannot be sustained. The judgment is affirmed.

No error.

---

## J. L. RICE v. FARMERS COTTON GIN COMPANY.

(Filed 25 April, 1928.)

APPEAL by defendant from *Oglesby, J.*, at December Term, 1927, of MOORE. No error.

This was an action brought by plaintiff against defendant for the recovery of the value of a bale of cotton, alleged to be worth $145.80. The allegations of plaintiff are to the effect that he had stored with defendant a quantity of seed-cotton, in the ginnery building of defendant, for the purpose of being ginned and baled when instructed by defendant to do so. This instruction was violated by defendant, the seed-cotton being ginned and baled and placed on defendant's platform.

It was alleged by defendant that the seed-cotton was received by it and ginned in the ordinary course of business and when baled delivered to plaintiff by being placed on the platform with full notice to plaintiff, this being the usual and only place of delivery. The cotton was stolen or lost from the platform.

The issue submitted to the jury and the answer thereto was as follows: "In what amount, if anything, is defendant indebted to plaintiff? Answer: $140.94 without interest."

STATE *v.* GARLAND.

*U. L. Spence for plaintiff.*
*Hoyle & Hoyle for defendant.*

PER CURIAM. From a careful examination of the evidence, we think the evidence was sufficient to be submitted to the jury; the probative force was for them.

No error.

STATE v. DAVE GARLAND.

(Filed 16 May, 1928.)

APPEAL by defendant from *Moore, J.,* at October Term, 1927, of YANCEY.

Criminal prosecution tried upon an indictment charging the defendant with the murder of one Lonnie McMahan on 4 July, 1927.

When the case was called for trial the solicitor announced that the State would not ask for a verdict of murder in the first degree, but would ask for a verdict of murder in the second degree, or manslaughter, as the evidence might disclose. The defendant entered a plea of not guilty.

Verdict: Guilty of manslaughter.

Judgment: Imprisonment in the State's prison for a period of not less than 10 nor more than 15 years.

Defendant appeals, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*
*A. Hall Johnston and Charles Hutchins for defendant.*

PER CURIAM. The record contains a number of exceptions which were the subject of earnest debate before us, and while they are not altogether free from difficulty, a careful perusal of the entire record leaves us with the impression that no reversible error was committed on the trial.

No benefit could be derived from detailing the evidence, as it was sufficient to carry the case to the jury, and the defendant's motion for nonsuit was properly overruled.

There are several expressions in the charge, which, standing alone, might be subject to some criticism, but reading the charge contextually and as a whole, as we are required to do, it would seem to be free from reversible error. The verdict and judgment will be upheld.

No error.